# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Brubaker, et al., | No. CV-10-00649-TUC-DCB (BPV) |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Tucson, et al., | |
| Defendants. | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and the local rules of practice of this Court for a Report and Recommendation (R&R) (Doc. 103) on Cross Motions for Summary Judgment (Docs. 84,86). Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 103). The Magistrate Judge recommends to the Court that relief may be granted, as follows: 1) grant in part and deny in part the City Defendants' Motion for Summary Judgment and (2) grant in full Defendant Pima County's Motion for Summary Judgment. The City Defendants filed Objections (Doc. 106), Supplement Authority (Doc. 109), and the Plaintiffs filed a Response to the Objections (Doc. 110).

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 2, 2010, the City Defendants removed this action originally filed in the Superior Court of Arizona for Pima County on September 30, 2010. Because Plaintiffs' Complaint claimed deprivation of constitutional rights as well as state tort claims of negligence, gross negligence, assault, battery, and intentional infliction of emotional distress, this Court had federal question jurisdiction under 28 U.S.C. §1331 of all claims for alleged violations of constitutional rights, 42 U.S.C. §1983, et seq. Plaintiffs are private parties, while the Defendants are the City of Tucson and the Pima County Board of Supervisors. The Complaint is based on police activity in September 2009, specifically police allegedly entered a residence by mistake using a search warrant mistakenly specifying that there was probable cause that drugs would be inside the premises and entered the home again the next day without a search warrant.

On December 15, 2010, the Court granted a Motion to Stay pending the outcome of criminal charges related to the events at issue in this action. On April 29, 2016, the Stay was lifted and the action again became viable. (The charges in the underlying Tucson City Court Case CR13025792 were resolved on November 17, 2015.) On May 16, 2016, Plaintiffs filed an Amended Complaint (Doc. 52). A Rule 16 Scheduling Conference was held and a case management schedule was entered by the Court. During this time there were reports of settlement talks and discussions, including a referral to a Magistrate Judge to preside over a settlement conference. On May 1, 2017, the City Defendants filed a dispositive motion, as did the Pima County Defendants. Without the need for oral argument, the Magistrate Judge issued a Report and Recommendation on January 18, 2018. On February 12, 2018, the City Defendants filed Objections to the Report and Recommendation. On February 22, 2018, the City Defendants filed Supplemental Authority and on February 26, 2018, the Pima County Defendants filed a Response to the Objections.

## STANDARD OF REVIEW

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## DISCUSSION

> As pled in the First Amended Complaint[1]:
>
> \*\*\*
>
> 4. On or about September 30, 2009 Officer Pelton with the assistance of Sgt. Woolridge and other unknown officers obtained a search warrant from Judge Sharon Douglas of the Pima County Superior Court without probable cause through the means of mis-stating evidence and excluding relevant information known to them that if disclosed would have likely resulted in the denial of the requested warrant.
>
> 5. Sgt. Woolridge was the lead officer at the service of the warrant on September 30, 2009. After entering the home Sgt. Woolridge and the other officers determined that there were no "drugs" present at the premises as specified in the search warrant and were therefore, required to leave the premises. Instead Sgt. Woolridge or other officers invited a City of Tucson building inspector into the premises. That invitation to enter and the subsequent entry without a warrant or permission of Mr. Brubaker violated Sec. 16-42 and Sec. 16-44 of the Neighborhood preservation Ordinance of the City of Tucson and the Fourth Amendment of the United States Constitution.
>
> \*\*\*
>
> 7. The Tucson City Police Officers and Animal Control Officers and building inspector returned the next day October 1, 2009 and entered once again the Brubaker residence without permission or a search warrant.
>
> 8. The Pima County Animal Control Officers knew or should have known that they could not lawfully enter the Brubaker residence without a search warrant.

---

[1] Adoption of the R&R will result in a civil jury trial to resolve: 1) whether the Plaintiffs' constitutional rights, 42 U.S.C. §1983, were violated when judicial deception was employed by Officers Pelton and Woolridge of the City of Tucson to obtain a search warrant; 2) if so, were these false statements and omissions material to the judge's probable cause determination; and finally, 3) without the deceptive information would the search warrant have been issued by the judge at all.

- 3 -

> 9. The Defendant Pima County is responsible for their trespasses pursuant to respondent superior. (Doc. 52 at 2-3.)

Plaintiff Brubaker was charged with violations of Tucson City Code relating to animal neglect and disposal of animal waste. After a trial, Brubaker was found guilty of 22 counts of neglect of medical care. Brubaker appealed and Pima County Superior Court Judge Howard Fell found in Brubaker's favor, vacating all judgments and sentences, and finding that the search warrant lacked probable cause, as follows:

> Here, when Officer Pelton applied for the search warrant, he incorrectly stated that Deal was arrested near 'a residence that we have received information from concerned citizens that they were selling narcotic drugs.' There were no such reports for Brubaker's home. After obtaining the address using the Pima County Assessor's map, TPD could have run a record check for that residence to determine whether there were any reports of drug related activity, rather than other houses in the neighborhood or the community itself, but failed to do so. On its own, the failure to a records check does not inherently demonstrate a reckless disregard for the truth. However, when coupled with the improper statements in the search warrant and Officer Pelton's failure to inform Judge Douglas of Deal's credibility, see discussion infra, the failure to perform a records check for 6341 E. Calle Marte demonstrates a reckless disregard for the truth.
>
> Furthermore, TPD's desire to convert Deal into an informant (i.e. checking his probation/parole status only)…rather than confirming the credibility of his statements, also demonstrates a reckless disregard for the truth. Sergeant Wakefield's III records check included Tucson City Court, South Tucson, and Pima County Superior Court filings and "quite often will show arrests and convictions for jurisdictions nationwide." The III records check would list "the offense, the jurisdiction and it would list the disposition." That records check was available for TPD review before applying for the search warrant, and would have included at least four convictions for False Reporting to Law Enforcement from Tucson Municipal/City Court. Although this information was available, Sergeant Wakefield did not distribute that information to Sergeant Woolridge, Officer Pelton, or anyone else involved with the investigation because that was not his "specific objective." It is reckless disregard for the truth for TPD to perform a records check on its sole informant in an investigation and blatantly disregard the results of that criminal background check, which directly affect the credibility of the informant, because it was not the "specific objective" of TPD at that time.
>
> Accordingly, setting aside those portions of the affidavit, the Court FINDS that there was not probable cause to support the

> search warrant. Thus, the Court FURTHER FINDS that the trial court erred when it denied Defendant Brubaker's Motion to Suppress.

(Doc. 87-13 at 4-5.)

A. **CITY DEFENDANTS' OBJECTIONS**[2]

The R&R found judicial deception based on three findings: 1) That the search warrant affidavit contained the false statement that Deal was arrested "in the area of a residence that we have received information from concerned citizens that they were selling drugs"; 2) The officers omitted from the affidavit that Deal initially lied about why he was in the area; and, 3) The officers failed to review the records check which included at least four convictions for false reporting to law enforcement.

City Defendants object to parts of the R&R (Doc. 103) denying City Defendants' motion for summary judgment on the judicial deception and the state law trespass claims. City Defendants maintain that there was no judicial deception. Plaintiffs' claim of judicial deception, which is adopted by the R&R, is that Defendant Pelton's testimony that "Deal was arrested 'in the area of a residence that we have received information from concerned citizens that they were selling drugs'" was false because there were in fact no reports of drugs being sold at Plaintiffs' residence. (Doc. 106 at 3.) This Objection quibbles with the facts, the weight of the facts and the credibility assessed to the witnesses statements and points of view. It parses the facts that the R&R finds as a whole are material and unresolvable in a dispositive motion. The Magistrate Judge did not abuse his discretion when he considered evidence not completely in compliance with LRCiv 56.1(b); in any event, a jury trial will require consideration of the weight and admissibility of all evidence.

Defendant Pelton never testified when he requested the warrant that Deal was a man of impeccable honesty who had been completely truthful with him at all times during his arrest. (Doc. 106 at 3-4.) The Magistrate Judge assumed that Deal was a police "informant" for the purpose of executing the search warrant. "Informant" in this context

---
[2] No Objections were filed by the Pima County Defendants.

is a term of art that is more limited than anyone who provides police with any information. *Id.* It refers to a person who is engaged by police to affirmatively seek out information on criminal conduct. Deal was not such an "informant". *Id.* Again, the lodged objections repeat material facts that are unreviewable and unresolvable by a dispositive motion. Further, the Court is placed in a position of choosing who and what to believe, when credibility assessment is for the trier of fact.

The City Defendants maintain that the Magistrate Judge erred in equating the voluntary proffer of information on drug activity with that of a paid informant. (Doc. 106 at 6.) The R&R further erred by extending the legal requirements applicable to "confidential informants" to individuals who provide information to police in the course of their own arrest. Id. The R&R established this new legal standard by viewing each sentence in the search warrant "in isolation, rather than as a factor in the totality of the circumstances." *D.C. v. Wesby*, No. 15-1485, 2018 WL 491521 (U.S. Jan. 22, 2018). *Id.* at 7. The Court does not find *Wesby* helpful in resolving a situation where, as here, allegedly misleading statements were used to obtain a search warrant. The R&R does not make any new standards for measuring police conduct. What, if anything, motivated Deal is for the trier of fact to resolve.

Finally, the R&R incorrectly found that Officer Pelton and Sergeant Woolridge "failed to review the records check which included at least four convictions for false reporting to law enforcement" because they chose not to request that information. (Doc. 106 at 8-9.) Plaintiffs cannot make a "substantial showing" that Pelton or Woolridge made a "deliberate falsehood" in the affidavit or recklessly disregarded the truth when it is uncontroverted that they did not have Deal's criminal background information prior to the execution of the search warrant. *Id.* Again, these are all facts and arguments that a jury may consider and resolve.

**B.     Plaintiffs' Response to Objections**

Plaintiffs respond that the objections are based in misunderstanding and misapplying the English language; too narrowly defining the use of words to describe the

events to the search warrant judge. Plaintiffs also argue that the new case law does not relate to the fact pattern involving misleading statements to obtain a search warrant and is therefore not relevant.

**RULING**

It does appear that the R&R correctly highlights material questions of fact that only a jury may resolve. In addition, after conducting a de novo review of the record, the Court does not find that the R&R makes any new law or improperly interprets any law currently on the books as to law enforcement actions. "In sum, once the false statement is excised from the affidavit, all that remains are uncorroborated, unreliable informant information which cannot support a finding of probable cause. Consequently, a reasonable judge would not have issued the warrant upon being apprised of the accurate version of the evidence. Therefore, Plaintiffs have satisfied the test to proceed on their judicial deception claim." (R&R at 27, ¶3-7.)

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 103) is **ADOPTED** as the ruling of this Court. The City Defendant's Motion for Summary Judgment (Doc. 84) is **GRANTED** with regard to Plaintiffs' claims of violation of Art. 2, Sec. 8 of the Arizona Constitution and the Tucson City Code but denied on all other grounds. The County Defendants' Motion for Summary Judgment (Doc. 86) is **GRANTED**. Objections are **OVERRULED**. No Final Judgment shall be entered at this juncture. The Court will separately set a Pretrial Conference in preparation for a civil jury trial.

Dated this 16th day of April, 2018.

Honorable David C. Bury
United States District Judge