**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Brubaker, et al., | No. CV-10-00649-TUC-DCB |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Tucson, et al., | |
| Defendants. | |

On November 5, 2019, the Court held the final pretrial conference to rule on motions in limine for trial, which was set to start on November 12, 2019. The Court granted the motion in limine to change the caption for trial to reflect that Plaintiff Stapeleton is deceased and the Pima County Defendants are dismissed from the case. The Court stated its intention to grant the Defendants' Motion in Limine Re: Scope of Evidence and Damages to preclude evidence as follows: 1) forteiture of animals by Pima Animal Control Center (PACC); 2) criminal prosecution of Plaintiff for animal neglect and all related proceedings and findings, and 3) condemnation of Plaintiff's home by the City Inspector. Defendants assert such evidence is not relevant to any claim, including damages. Plaintiff asked to supplement his Response to the Motion in Limine. The Court granted the request, set a briefing schedule for supplemental briefing, and reset the trial to March 3, 2020. After further review, the Court concludes that the evidence is not relevant to prove the merits of Plaintiffs' claims or damages.

Under 42 U.S.C. § 1983, Plaintiff seeks tort damages for the alleged violation of the Fourth Amendment related to an allegedly illegal search of his house. The issue regarding the scope of relevant damages has been addressed before in the Report and Recommendation, wherein the court explained: "'Victims of unreasonable searches and seizures may recover damages directly related to the invasion of their privacy . . . but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution.'" (R&R (Doc. 103) at 28 (quoting *Lingo v. City of Salem,* 832 F.3d 953, 958 (9th Cir. 2016)).  The rationale is: "The evil of an unreasonable search or seizure is that it invades privacy, not that it uncovers crime, which is no evil at all." *Hector v. Watt,* 235 F.3d 154, 157 (3rd Cir. 2000).

The Plaintiff attempts to distinguish *Lingo* because there the unlawful entry was to the curtilage of the home, where officers smelled marijuana, giving them probable cause for an arrest. Here, Plaintiff asserts that officers entered his home without probable cause to search for drugs and then invited others, PACC and the City building code inspector, to investigate and find other violations: the building code and animal endangerment violations.  These are differences without any legal distinction. The legally relevant fact is that the alleged Fourth Amendment violation occurred when Woolridge executed the search warrant which was allegedly invalid due to his and Defendant Preston's judicial deception. Upon entering Plaintiff's home, Defendant Tucson Police Department (TPD) Officer Woolridge found incriminating evidence and called PACC and the Richard Vidal, the City code inspector. This was a "fruit of the poisonous tree" situation, i.e., but for the allegedly illegal entry officers would not have known of the incriminating evidence. Plaintiff does not allege that PACC or Vidal, once inside, had no basis to conduct investigations. Instead, he argues the merits of his prosecution; he argues that the cats did have food and water and there was sufficient ingress and egress through his house.

Under *Lingo,* Plaintiff cannot obtain damages for the alleged Fourth Amendment violation related to anything but the alleged illegal search: September 29 and October 1, 2009. He cannot recover damages related to the seizure and forfeiture (euthanizing) of his

- 2 -

cats, his criminal prosecution for animal neglect, or the condemnation proceedings.

The harder question is the reach of his damage claims for the alleged trespass violations. It is important to note the posture of this claim. The Pima County Defendants were dismissed from the case because PACC officers, acting as City enforcement agents, (Order (Doc. 103) at 17), entered Plaintiff's house based on a facially valid search warrant and, therefore, would have reasonably believed they were authorized to enter, *id.* at 29. PACC officers were authorized to enter the property under A.R.S. § 13-402, as well as common law privilege, in "reliance on warrants and representations that are fair on their face." *Id.* Plaintiff did not name Inspector Vidal of the City of Tucson Housing and Community Development Section (code enforcement). Had Vidal been named as a Defendant, the same law applying to dismiss PACC would apply to him. He too entered Plaintiff's house based on reasonable reliance on a facially valid warrant.

The Plaintiffs theory of liability is that TPD Officer Woolridge, as the investigating officer and officer in charge on the scene, directed Vidal and PACC to investigate and prosecute him, but he did not allege malicious prosecution. He does not allege that either investigation was conducted without reasonable suspicion or probable cause. Instead, he complains that but for the allegedly illegal warrant, PACC officers and the Inspector would not have been in his home where incriminating evidence was discovered, which resulted in his prosecution for both the code violations and animal engenderment. Again, the Plaintiff did not allege a malicious prosecution claim; the Court notes that Plaintiff's prosecution for animal endangerment did not proceed until almost a year later. As Defendants note, the Plaintiff also did not allege a conspiracy claim.

Even if Plaintiff could somehow bootstrap Woolridge to harms flowing from alleged trespasses by PACC and the building code inspector,[1] the Defendants correctly assert that damages in tort require a showing of proximate cause and damages for trespass are limited to: 1) the difference in value of the land before the harm and the value after the harm or the

---

[1] The Court shall revisit the question of damages in the event the evidence reflects that the independence of PACC or the Inspector was overborn by Woolridge in the context of their investigations on September 30, 2009 and October 1, 2009.

reasonable cost of restoring the property to its prior state; 2) the loss of use of the land, and 3) the discomfort and annoyance to him as an occupant. *Dixon v. City of Phoenix,* 173 Arizona 612, 621 (Ariz. App. 1992).

Losses flowing from the discovery and prosecution of the animal endangerment charges are not recoverable in trespass, including any emotional distress resulting from the forfeiture of the animals. At best, damages for trespass could include compensation for the loss of the use of the home caused[2] by the alleged illegal entry on September 29 and October 1, 2009. He may seek damages for the discomfort and annoyance to him related to this alleged loss of use.

Nominal damages are available under 42 U.S.C. 1983 and for the trespass.

**Accordingly,**

**IT IS ORDERED** that the Motion in Limine Re: Scope of Evidence and Available Damages (Doc. 142) is GRANTED.

**IT IS FURTHER ORDERED** that the Plaintiff is precluded from introducing evidence of or claiming damages resulting from the following: forfeiture of the animals by PACC and subsequent litigation; Plaintiff's criminal prosecution for animal neglect and all related proceedings; the condemnation of Plaintiff's home, except to the extent he can show damages for loss of the use of his home caused by the illegal search and/or trespass on September 29 and October 1, 2009.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Damages in tort require a showing of cause in fact and proximate cause, defined under Arizona law as "that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred." *Saucedo ex rel. Sinaloa v. Salvation Army,* 24 P.3d 1274, 1278 (Ariz. App. 2001).

1       **IT IS FURTHER ORDERED** that the parties shall review and revise the proposed

2    Jury Instructions to account for the rulings made herein. Revised jury instructions shall be

3    filed by February 24, 2020.

4       Dated this 18th day of February, 2020.

Honorable David C. Bury
United States District Judge