**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Brubaker, et al., | No. CV-10-00649-TUC-DCB |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Tucson, et al., | |
| Defendants. | |

The Court denies the request for attorney fees and refers the request for taxable costs to the Clerk of the Court. Fed. R. Civ. P. 54; LRCiv. 54.1. As noted by the Defendants, "[T]he importance of civil rights litigation cannot be overstated. It is often the only leverage that ordinary people have in forcing the government to take the Constitution seriously, and our courts are right to tread lightly in awarding fees lest they chill meritorious litigation." (Motion (Doc. 199) at 6 (citing *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003)). The Defendants assert that the Plaintiff's case was meritless, and that he failed to accept a reasonable settlement offer and instead sought retribution in the form of protracted litigation. The Court disagrees.

While the Court did grant a Rule 50 motion in favor of the Defendants at the end of a four-day jury trial, the Court also denied summary judgment because there was evidence supporting a question of fact material to the disposition of the case. Plaintiff alleged a constitutional violation of the Fourth Amendment to the United States Constitution for damages resulting for an alleged illegal search. Plaintiff alleged that the search warrant was

not supported by probable cause because it contained false statements, which were made by the Defendant officers intentionally or with reckless disregard for the truth. In the state courts, an underlying criminal conviction had been dismissed based on a judicial finding that the warrant affidavit contained incorrect information. The constitutional claim hinged, here, on whether any incorrect information in the affidavit was intentional or made in reckless disregard for the truth. After a full hearing of the evidence, this Court dismissed on the merits because there was insufficient evidence for any reasonable jury to find that the Defendants acted with reckless disregard or intentionally to falsify the warrant. This was the basis for the Rule 50 qualified immunity dismissal of the case. The Court has reviewed the record relevant to granting Defendants' Rule 50 motion and finds that its ruling on the merits did not suggest, and the Court did not intend to suggest, that the case lacked merit. (TR: Day 4 at 4-23 (Doc. 205)

**Accordingly,**

**IT IS ORDERED** that the Motion for Attorney Fees (Doc. 199) is DENIED.

**IT IS FURTHER ORDERED** that the question of taxable costs is referred to the Clerk of the Court.

Dated this 7th day of May, 2020.

_____
Honorable David C. Bury
United States District Judge