**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Brubaker, et al., | No. CV-10-00649-TUC-DCB |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Tucson, et al., | |
| Defendants. | |

On May 7, 2020, this Court denied attorney fees for Defendants, who prevailed at trial on a Rule 50 motion in this civil rights action and referred the question of taxable costs to the Clerk of the Court for consideration. (Order (Doc. 212)). On May 19, the Clerk denied the taxable costs because Defendants failed to file the Bill of Costs on an AO133 form with supporting documents. The Clerk marked their filing deficient and ordered them to file a new Bill of Costs using the AOform within 7 business days. On May 20, 2020, the Defendants filed the AO-Bill of Costs form and included an exhibit captioned Motion for Taxable Costs. (Doc. 215.) The Plaintiff responded that the motion was untimely and that the Defendants mistakenly referenced Arizona Rule 54(f), not Fed. R. Civ. P. 54.1(a). (Objection (Doc. 216)). The original motion for costs was included in the Motion for Attorney Fees and Costs (Doc. 199). The Court finds the objections, especially to the timeliness of the Motion for Costs, to be one of form rather than substance.

On July 16, 2020, the Clerk entered a Taxation Judgment for $4,282.65, mistakenly citing "no objection" from the Plaintiff. Subsequently, the Plaintiff has filed a Motion to

Extend Time to File a Motion for Review of the Judgment on Taxation of Costs (Doc. 218) and the Motion for Review of the Judgment on Taxation of Costs (Doc. 219). The Plaintiff explains that his attorney, Mr. Risner, was sick with COVID-19 and that COVID-fog caused him to miss the deadline for filing the Motion for Review of the Judgment on Taxation Costs. In the Motion for Review, Plaintiff points out that he did file a Response (Doc. 216) to the new Motion for Costs/AOform Bill of Costs. Plaintiff argues, substantively, that this Court should exercise its discretion and deny costs because of his dire financial condition, which in large part has been caused by the incidents in the lawsuit. *Id.* When it denied the Defendants' Motion for Attorney Fees, the Court considered the financial circumstances of the Plaintiff and the importance of civil rights litigation cannot be overstated as leverage for ordinary people in forcing the government to take the Constitution seriously. (Order (Doc. 212) at 1 (citing *Champion Produce, Inc. v. Ruby Robinson Co*., 342 F.3d 1016, 1022 (9th Cir. 2003)). The Court will not exercise this discretion again.

The Court rejects the Defendants' arguments against extending time for the Plaintiff to file the Motion for Review (Response (Doc. 220), especially since Defendants previously admitted that the invoice from Inter-State in the amount of $620.80 does not reflect costs and that "Defendants are entitled to recover $3,674.35 in costs, not $4,282.65. (Reply (Doc. 206)).

**Accordingly,**

**IT IS ORDERED** that the Motion to Extend Time (Doc. 218) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion for Review of Judgment on Taxation of Costs (Doc. 219) is GRANTED.

/////
/////
/////
/////
/////

**IT IS FURTHER ORDERED** that the Clerk of the Court shall amend the Judgment on Taxation of Costs to be: $3,674.35.

Dated this 2nd day of November, 2020.

David C. Bury<br>
United States District Judge